

SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN D. WASSERMAN (Bar No. 88291)
MICHAEL L. FOX (Bar No. 173355)
One Market Plaza
Steuart Tower, Eighth Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Email: steven.wasserman@sdma.com
michael.fox@sdma.com

Attorneys for Defendant
CATERPILLAR INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH H. MCKEE, JR. AND KRISTINE MCKEE,<br><br>Plaintiffs,<br><br>vs.<br><br>CATERPILLAR INC.; and Does 1 Through 100, Inclusive,<br><br>Defendants. | C 07 3900 EDL CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant CATERPILLAR INC. ("Caterpillar"), wrongfully sued as "Caterpillar, Inc." hereby files this Notice of Removal under 28 USC §§ 1441, 1446 and Federal Rule of Civil Procedure 81(c) to remove to this Court the above-entitled action on the following grounds:

**STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**

1. On May 25, 2007, an action was commenced by Plaintiffs Ralph H. McKee, Jr. and Kristine McKee (collectively "Plaintiffs") in the Superior Court of the State of California in and for the County of Mendocino, entitled Ralph H. McKee, Jr. and Kristine McKee v. Caterpillar, Inc.

(sic); and Does 1 through 100, inclusive, Superior Court Case No. 07-99253. A true and correct copy of the unverified Complaint ("Complaint") is attached hereto as **Exhibit A.**

2. The first date upon which Caterpillar received a copy of the complaint was July 3, 2007, when Caterpillar's agent for service of process, CT Corporation System, received by process server the Summons, Complaint, and Mendocino County Case Management Information Sheet. True and correct copies of the Summons and the Mendocino County Case Management Information Sheet are attached hereto as **Exhibit B**.

3. Caterpillar filed an answer to the Complaint on July 30, 2007. A true and correct copy of the answer is attached hereto as **Exhibit C**.

4. Based on the allegations of the Complaint, Caterpillar is informed and believes that Plaintiff RALPH H. MCKEE, JR. was, at the time of the filing of this action, and still is, a citizen of the State of California, residing at his home in Mendocino County, California.

5. Based on the allegations of the Complaint, Caterpillar is informed and believes that Plaintiff KRISTINE MCKEE was, at the time of the filing of this action, and still is, a citizen of the State of California, residing at her home in Mendocino County, California.

6. Defendant Caterpillar was, at the time of the filing of this action, and still is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the Peoria, Illinois.

7. Defendant Caterpillar was, at the time of the filing of this action, and still is, the only named defendant.

## JURISDICTION

8. As the appended record demonstrates, this action may be removed to this Court pursuant 28 U.S.C. § 1441(b) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the litigants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. It is facially apparent from the Complaint that Plaintiffs' claims for damages exceeds the jurisdictional amount of $75,000. (Exhibit A, Complaint, page 5, lines 17-22; page 6,

Lines 18-23; page 4, lines 4-9.) (See Locket v. Delta Air Lines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

10. According to the complaint, plaintiff Ralph H. McKee, Jr. was employed as a heavy equipment operator with Northern Aggregates, Inc. and worked at the Harris Quarry, located south of Willits, California. Plaintiff's employment allegedly involved loading crushed and uncrushed aggregate into transport vehicles. Plaintiff asserts that he was trained on and operated heavy equipment, including a Caterpillar 980F Wheel Loader, which consisted of a closed-cab with Cab Air Systems. Plaintiff contends that on or about September 29, 2005 he was diagnosed with puliminary (sic) alveolar proteinosis and silicoproteinosis as a direct and proximate result of inhalation to silica. (Exhibit A, Complaint, page 2, lines 19-28 and page 3, lines 1-4.)

11. Plaintiff claims to suffer serious, permanent, and debilitating injuries to his pulminary (sic) system, and has been rendered sick, sore, lame, and otherwise emotionally upset. Plaintiff contends that he is permanently and totally disabled. (Exhibit A, Complaint, page 4, lines 5, 17-21; page 6, lines 14-17, 18-23.)

12. Plaintiffs alleges that the action is an unlimited civil case and they seeks damages for past and future medical expenses, loss of income and future earning capacity, loss of the ability to provide household services, as well as physical and emotional pain and suffering and loss of the overall enjoyment of his life, "in an amount well in excess of the jurisdiction of" the Mendocino County Superior Court unlimited civil matters. Plaintiff Kristine McKee further contends damages relating to loss of consortium, as well as severe mental and emotional distress.

13. This removal is timely, having been made within thirty days of the service of the Summons and Complaint on Defendant. 28 U.S.C. § 1446(b). Removal is also timely because this Notice of Removal is filed no more than one year after the action was commenced in the state court.

**INTRADISTRICT ASSIGNMENT**

14. Assignment to this Court is proper as the action is pending in Mendocino County Superior Court.

15. The presence of Doe Defendants in this case has no bearing on diversity with respect to removal. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(a).

16. Caterpillar reserves the right to amend or supplement this Notice of Removal.

17. As Caterpillar is the only defendant in this action the only defendant consents to this removal. (See Lewis v. Rego Company, 757 F.2d 66; 68 (3rd Cir. 1985).)

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, in and for the County of Mendocino.

19. Pursuant to 28 U.S.C. § 1446(d), Defendant has served Plaintiff with a Notice to State Court and Adverse Party of Removal to Federal Court and Jury Demand.

WHEREFORE, Defendant CATERPILLAR INC. hereby removes the action now pending against it in the Superior Court of California, County of Mendocino.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) Defendant CATERPILLAR INC. hereby demands trial by jury of all issues appropriate for jury determination.

DATED: July 31, 2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: ______________________________
Steven D. Wasserman
Michael L. Fox
Attorneys for Defendant
CATERPILLAR INC.

EXHIBIT A

CLAYTON W. KENT, ESQ., S.B. #123164
BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiffs

ENDORSED-FILED
WILLITS BRANCH
MAY 25 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

CASE MANAGEMENT STMT DUE 10/9/07

SUBJECT TO LOCAL RULES OF COURT

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF MENDOCINO - WILLITS BRANCH**

| | |
|---|---|
| RALPH H. McKEE, JR.; KRISTINE McKEE, Plaintiffs, vs. CATERPILLAR, INC; and DOES 1 through 100, inclusive, Defendants. | No. SCWLCVPO 07-99253 **COMPLAINT FOR DAMAGES** |

COME NOW plaintiffs, RALPH H. McKEE, JR. and KRISTINE McKEE, and for themselves alone, and complain and allege against defendants, CATERPILLAR, INC. and DOES 1 through 100, and each of them, as follows:

1. Plaintiff, RALPH H. McKEE, JR., is, and at all times relevant herein was, an individual with his principal place of residence located within the County of Mendocino, State of California.

2. Plaintiff KRISTINE McKEE, is, and at all times relevant herein was, an individual with her principal place of residence located within the County of Mendocino, State of California. At all times relevant herein, plaintiff KRISTINE McKEE was the lawful spouse of plaintiff RALPH H. McKEE, JR.

3. Defendant, CATERPILLAR, INC., is, and at all times relevant herein was, a

corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located within the State of Illinois, is registered with the Secretary of State of the State of California as a foreign corporation without a designated principal place of business within said State of California, and is, and at all times relevant herein was, conducting business within the County of Mendocino, State of California.

4. Plaintiffs are presently unaware of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and, therefore, sues said defendants under such fictitious names. Plaintiffs will seek leave of this Court to amend this complaint to assert such names and/or capacities when the same have been ascertained. Plaintiffs are informed and believe, and upon such information and belief allege, that each of such fictitiously named defendants are responsible in some manner for the acts and/or conduct of each other remaining defendant, and for the damages and injuries sustained by plaintiffs as alleged herein.

5. Plaintiffs were not required to comply with a claims statute, or alternatively, if such a claims statute applied, which is disputed, plaintiffs have substantially complied or were excused from complying with the same.

6. Plaintiffs file this present action in this County as such is where the injury and damages to plaintiffs occurred.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. From the period commencing on or about January 1, 2003 up to and including on or about September 25, 2005, plaintiff RALPH H. McKEE, JR. was employed as a heavy equipment operator/front end loader with Northern Aggregates, Inc., and worked at the Harris Quarry, located just south of Willits, California. Plaintiff's employment involved the loading of aggregate into a crusher, as well as loading crushed and uncrushed aggregate into other transportation vehicles.

8. During the course of plaintiff RALPH H. McKEE, JR.'s employment plaintiff was trained on and operated, on nearly a daily basis, various heavy equipment designed, manufactured, distributed and sold by defendant CATERPILLAR, INC., including but not limited to, the Caterpillar 980F Wheel Loader (hereinafter referred to as "heavy equipment").

Said heavy equipment consisted of closed-cab machinery with Cab Air Systems.

9. On or about September 29, 2005, plaintiff, RALPH H. McKEE, JR., was diagnosed with pulminary alveolar proteinosis and silicoproteinosis as a direct and proximate result of inhalation and exposure to silica.

**FIRST CAUSE OF ACTION**

**( For Products Liability as Against All Defendants)**

10. As and for a First Cause of Action, plaintiffs replead and reallege the allegations contained within Paragraphs 1 through 6, and Paragraphs 7 through 9 of their Facts Common to All Causes of Action, and incorporate the same herein by reference as if set forth in full and verbatim.

11. Plaintiffs are informed and believe, and upon such information and belief allege, that at all times herein mentioned, Defendants CATERPILLAR, INC. and DOES 1 through 100, inclusive, and each of them, were engaged in the business of designing, developing, manufacturing, producing, assembling, testing, analyzing, inspecting, packaging, labeling, recommending, marketing, advertising, promoting, distributing, supplying and/or selling the heavy equipment involved herein, including but not limited to, the Caterpillar 980F Wheel Loader, to users and consumers, including defendants CATERPILLAR, INC. and DOES 1 through 100, and/or their employees, operators, customers, clients and others seeking rental and/or use of such heavy equipment.

12. At all times herein mentioned, Defendants CATERPILLAR, INC. and DOES 1 through 100, and each of them, owed a duty of due care to properly design, develop, manufacture, produce, assemble, test, analyze, inspect, package, label, recommend, market, advertise, promote, distribute, supply and/or sell such heavy equipment to users and consumers, including defendants CATERPILLAR, INC. and DOES 1 through 100, herein, or/or their employees, operators, customers and clients so that said heavy equipment would perform and operate in a; safe and proper manner.

13. At all times herein mentioned, defendants CATERPILLAR, INC. and DOES 1 through 100, and each of them, knew, or in the exercise of reasonable care should have known,

that the heavy equipment, including but not limited to the Catepillar 980F Wheel Loader was not properly designed, developed, manufactured, produced, assembled, tested, analyzed, inspected, packaged, labeled, recommended, marketed, advertised promoted, distributed, supplied and/or sold in that, among other things, said auger was likely to and would foreseeably malfunction, causing hazardous materials to enter the cab without warning and without improper action by the operator, all to the general damage of prospective consumers and users, including Plaintiff RALPH H. McKEE, JR.

14. Plaintiffs are informed and believes, and upon such information and belief allege that defendants CATERPILLAR, INC. and DOES 1 through 100, and each of them, breached their duty of care by, among other things, so negligently, carelessly and defectively designing, developing, manufacturing, producing, assembling, testing, analyzing, inspecting, packaging, labeling, recommending, marketing, advertising, promoting, distributing, supplying and/or selling said heavy equipment so as to render the equipment defective, dangerous, hazardous and unsafe in disregard to Plaintiffs' rights and safety.

15. As a direct and proximate result of the above-described negligence of Defendants, and each of them, Plaintiffs' rights, entitlement and interests in the safe operation and use of the heavy equipment have been denied, thereby proximately casing Plaintiffs to sustain injuries and damages as alleged herein in a sum to be determined according to proof at trial.

16. As a further direct and proximate result of the above-described negligence of defendants, and each of them, plaintiff RALPH H. McKEE, JR. has sustained, and will continue to sustain lost wages and a decrease in plaintiff's earning capacity in an amount not yet readily ascertainable, but according to proof at the time of trial.

WHEREFORE, plaintiffs pray for judgment as set forth below.

**SECOND CAUSE OF ACTION**

**(For Breach of Implied Warranty as Against All Defendants)**

17. As and for a Second Cause of Action, plaintiffs repleads and realleges the allegations contained within Paragraphs 1 through 6, Paragraphs 7 through 9 of their Facts Common to All Causes of Action, and Paragraphs 11 through 16 of their First Cause of Action,

and incorporate the same herein by reference as if set forth in full and verbatim.

18. Defendants were, at all times relevant herein, merchants with respect to the type of goods that included the heavy equipment and implicitly warranted that the heavy equipment was merchantable and fit for the particular purpose for which it was designed, fabricated, assembled, inspected, distributed, sold, marketed, and/or manufactured.

19. Defendants, and each of them, through their experience and expertise, knew, or had reason to know the particular purpose for which the heavy equipment would be used, and, further, that plaintiff, RALPH H. McKEE, JR., would rely upon, and was relying upon the skill and judgement of the defendants to provide suitable products for such intended purpose.

20. Defendants, and each of them, implicitly warranted that the heavy equipment was fit for the purpose for which it was intended, and, further, implicitly warranted that the heavy equipment was safe for such purpose.

21. Defendants, and each of them, breached these implied warranties in that said heavy equipment was not fit for its intended purpose.

22. As a direct and proximate cause of the aforementioned breaches by defendants, and each of them, plaintiffs suffered the injuries and damages as alleged herein.

23. As a further direct and proximate cause of the aforementioned breaches by defendants, and each of them, plaintiffs have suffered, and will continue to suffer damages including, without limitation, past and future medical and care expenses, loss of wages, loss of earning capacity, and loss of the ability to provide household services, as well as physical and emotional pain and suffering and loss of the overall enjoyment of their life, in an amount well in excess of the jurisdiction of this court and according to proof at trial.

WHEREFORE, plaintiffs pray for judgment as set forth hereinafter.

**THIRD CAUSE OF ACTION**

**(For Negligence as Against All Defendants)**

24. As and for a Third Cause of Action, plaintiffs replead and reallege the allegations in Paragraph 1 through 6, Paragraphs 7 through 9 of their Facts Common to All Causes of Action, and Paragraphs 11 through 16 of their First Cause of Action, and Paragraphs 18 through 23 of

their Second Cause of Action, and incorporate the same herein by reference as if set forth in full and verbatim.

25. At all times relevant herein, defendants, and each of them, owed a duty to plaintiffs, and each of them, to act in a reasonably prudent manner, to abstain from injuring plaintiffs and/or their property or infringing upon their rights under Civil Code Section 1708, and to use due care in designing, fabricating, assembling, distributing, selling, and/or manufacturing the heavy equipment.

26. At all times relevant herein, defendants, and each of them, owed a duty to plaintiffs, and each of them, to use ordinary care or skill in the management of their property under Civil Code Section 1714.

27. On or about September 29, 2005, defendants, and each of them, breached such duties by negligently, carelessly, and/or recklessly designing, fabricating, assembling, inspecting, distributing, selling, marketing, and/or manufacturing the heavy equipment.

28. As a direct and proximate result of the negligence of defendants, and each of them, plaintiff RALPH H. McKEE, JR. has suffered serious, permanent, and debilitating injuries to his pulminary system, and has been rendered sick, sore, lame, and otherwise emotionally upset.

29. As a result of his injuries, plaintiff RALPH H. McKEE, JR. is permanently and totally disabled. He has suffered, and will continue to suffer, economic damages including, without limitation, past and future medical and care expenses, loss of wages, loss of earning capacity, and loss of the ability to provide household services, as well as physical and emotional pain and suffering and loss of the overall enjoyment of his life, in an amount well in excess of the jurisdiction of this court and according to proof at trial.

WHEREFORE, plaintiffs pray for judgment as set forth hereinafter.

**FOURTH CAUSE OF ACTION**

**(For Loss of Consortium as Against All Defendants)**

30. As and for a Fourth Cause of Action, plaintiffs replead and reallege the allegations in Paragraph 1 through 6, Paragraphs 7 through 9 of their Facts Common to All Causes of

Action, and Paragraphs 11 through 16 of their First Cause of Action, and Paragraphs 18 through 23 of their Second Cause of Action, and Paragraphs 25 through 29 of their Third Cause of Action, and incorporate the same herein by reference as if set forth in full and verbatim.

31. As a direct and proximate result of the acts of defendants, and each of them, as alleged herein, and the severe injuries caused thereby to plaintiff, RALPH H. McKEE, JR., as alleged herein, plaintiff, KRISTINE McKEE, has suffered, and for a long period of time will continue to suffer loss of consortium, including but not limited to, loss of services, marital relations, society, comfort, companionship, love and affection of her spouse, and has suffered severe mental and emotional distress and general nervousness as a result of thereof.

32. As a further direct and proximate result of the acts of defendants, and each of them, plaintiff, KRISTINE McKEE, has been generally damaged in an amount not readily ascertainable, but believed to be in excess of the jurisdictional minimum of this Court, and according to proof at trial.

WHEREFORE, plaintiffs, and each of them, pray for judgement against defendants, and each of them as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For costs of suit herein incurred; and
4. For such further and other relief as this court deems just and proper.

Dated: May 15, 2007

BRAYTON❖PURCELL LLP

By: ______________________
Clayton W. Kent
Attorneys for Plaintiffs

EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED-FILED
WILLITS BRANCH
MAY 25 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CATERPILLAR, INC; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RALPH H. McKEE, JR.; KRISTINE McKEE,

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
125 East Commercial Street
Willits, CA 95490-3415

CASE NUMBER: *(Número del Caso):* SCWLCVPO 07-99253

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Clayton W. Kent Esq. (Bar # 123164) — Phone No. (415) 898-1555
Brayton <> Purcell LLP — Fax No. (415) 898-1247
222 Rush Landing Road, Novato, CA 94948-6169

BENJAMIN D. STOUGH

DATE: *(Fecha)* MAY 25 2007 — Clerk, by *(Secretario)* CYNDI MOORE, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Caterpillar, Inc.,
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 7-3-07 2:15 [illegible]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

SUBJECT TO LOCAL RULES OF COURT

CASE MANAGEMENT STMT DUE 10/9/07

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MENDOCINO

ENDORSED-FILED
WILLITS BRANCH

MAY 2 5 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

Ralph H. McKee Jr.
Plaintiffs

vs

Case No. SCWLCVPD 07-99253

Caterpillar, Inc. et al,
Defendants.

CASE MANAGEMENT CONFERENCE 11-2-07
(date)

## Notice of Delay Reduction Rules and Case Management Conference (CMC)

1. **DELAY REDUCTION RULES:**

The court will make every effort to ensure that this matter is brought to trial or otherwise disposed of within one year. **All parties must comply with Chapter 4 Rules of Court for Mendocino County Superior Court and California Rule of Court 201.7.** The court will strictly monitor compliance and **will impose monetary penalties** and may dismiss a complaint or cross-complaint for repeated failures to comply. Those rules require, among other things, that plaintiff properly *serve each defendant within sixty days* of the filing of the complaint and file written proof of that service with the court.

2. **CASE MANAGEMENT CONFERENCE:**

A Case Management Conference (CMC) has been scheduled for 11-2-07 at 2:00 P.M. in Department E, Ukiah, Calif. **All parties are ordered to prepare and serve a Case Management Statement (CMS), at least 30 days before the CMC, in full compliance with local court rule 4.5 and CRC 212, file the CMS at least 15 calendar days before the CMC and to attend the CMC.** The failure of any party to file a CMS or to attend the CMC may be deemed as a waiver of that party's right to a jury trial and will be deemed as an acceptance of the trial date set by the court at the CMC.

3. **SERVICE OF THIS NOTICE:**

Plaintiff is ordered to serve a copy of this Notice on *each* defendant and to file *proof of such service* pursuant to local rule 4.4(b). Plaintiff shall serve each newly added defendant within 30 days after filing an amended complaint. Cross-complainant shall serve a copy of this Notice on each new party cross-defendant and proof of service within 30 days of filing a cross-complaint. [Local Rule 4.4(c)]

☐ – Copy given to Cross-complainant

BENJAMIN D. STOUGH

Dated: MAY 2 5 2007

CYNDI MOORE
Deputy Clerk

**EXHIBIT  C**

07-30-2007 15:50 EBROOKS 17072633913 PAGE2

JUL-30-2007(MON) 11:09 ONE LEGAL-MARIN BRANCH (FAX)415 491 0434 P.001/038

07/30/2007 08:00 FAX 415 7812635 002/008

SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN D. WASSERMAN (Bar No. 88291)
MICHAEL L. FOX (Bar No. 173355)
SUNNY S. SHAPIRO (Bar No. 221111)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
CATERPILLAR INC.

ENDORSED-FILED
JUL 3 0 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
KAREN CRUTCHER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MENDOCINO – WILLITS BRANCH

BY FAX

RALPH H. McKEE, JR. AND KRISTINE McKEE,

Plaintiffs,

vs.

CATERPILLAR INC.; and Does 1 Through 100, Inclusive,

Defendants

CASE NO. SCWLCVPO 07-99253

DEFENDANT CATERPILLAR INC.'S ANSWER TO COMPLAINT

FILED VIA FACSIMILE

Defendant CATERPILLAR INC. (wrongfully sued as "Caterpillar, Inc.") (hereinafter "Caterpillar" or "defendant") answers plaintiffs RALPH H. McKEE, JR. and KRISTINE McKEE's (collectively "plaintiffs") Complaint, as follows:

1. Pursuant to Section 431.30 of the Code of Civil Procedure, Caterpillar denies each and every allegation of said Complaint and denies that plaintiffs sustained damages in the sum or sums alleged, or in any sum, or at all.

FIRST AFFIRMATIVE DEFENSE

2. Defendant alleges that said Complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

SEDGWICK

1

DEFENDANT CATERPILLAR INC.'S ANSWER TO COMPLAINT

SF/1432423v1

07-30-2007 11:14 EBROOKS 17072633913 PAGE10
11217809.tif - 7/30/2007 4:52:28 PM

**SECOND AFFIRMATIVE DEFENSE**

3. Defendant alleges that the sole and/or partial, proximate cause of the damages claimed was the carelessness, recklessness, negligence, fault, and/or strict liability of plaintiffs or other persons, firms or entities, and plaintiffs' recovery, if any, should be proportionately reduced according to the percentage of fault of said others and that this answering defendant be found legally responsible only for its determined share of legal fault, if any by virtue of the provisions of Civil Code Section 1431, et seq.

**THIRD AFFIRMATIVE DEFENSE**

4. Defendant alleges that the sole and/or partial, proximate cause of the damages claimed was the willful and/or intentional acts of other persons, firms or entities.

**FOURTH AFFIRMATIVE DEFENSE**

5. Defendant alleges that the causes of action set forth in plaintiffs' Complaint are barred by the applicable statutes of limitations as stated in California Code of Civil Procedure, including but not limited to Section 340.8 and 335.1.

**FIFTH AFFIRMATIVE DEFENSE**

6. Defendant alleges that plaintiffs, with full knowledge of their damages, if any, failed to mitigate such damages.

**SIXTH AFFIRMATIVE DEFENSE**

7. Defendant alleges that independent, intervening and superseding forces and/or actions of third parties proximately caused or contributed to plaintiffs' alleged losses or damages, barring recovery from this defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

8. Defendant alleges that they are entitled to contribution and/or partial or complete indemnification from any person or entity whose negligence and/or acts proximately contributed to the happenings of the claimed incident or alleged injuries.

///

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

9. Defendant alleges that the Complaint, and each cause of action therein, is barred on the grounds that plaintiff Ralph H. McKee, Jr. knowingly assumed the risk of the injuries or damages alleged in the Complaint, if any.

**NINTH AFFIRMATIVE DEFENSE**

10. Defendant alleges that the injuries and damages in question, if any, were the result of unreasonable, unforeseeable misuse, abuse, alteration, or improper maintenance of the products in question.

**TENTH AFFIRMATIVE DEFENSE**

11. Defendant alleges that the subject products were used after acquiring knowledge of the defects, if any there were, although this defendant specifically denies that there were any defects in the subject products.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. Defendant alleges that, on balance, in light of the relevant factors, the benefits of the design of the subject products outweigh the risks of danger, if any, inherent in the design and/or that the subject products performed as safely as the ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

**TWELFTH AFFIRMATIVE DEFENSE**

13. Defendant alleges that plaintiffs failed to give due or other proper notice for the purposes of any alleged breach of warranty, as required under California Commercial Code Section 2715, et seq.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. Defendant alleges that, at the time of the injuries alleged in the Complaint, plaintiff Ralph H. McKee, Jr. was employed and was entitled to and received workers' compensation benefits from his employer; that plaintiff Ralph H. McKee, Jr.'s employer and co-employees were negligent, careless or at fault and that such negligence, carelessness or fault on the part of said employer and/or co-employees proximately and concurrently contributed to the happenings of the accident, and to the loss and damages complained of by plaintiff Ralph H.

McKee, Jr., if any there actually were; and that, by reason thereof, defendant is entitled to a set-off of any such benefits received or to be received by plaintiffs, and further, this defendant is entitled to have any recovery reduced proportionately according to the current law regarding recovery of workers' compensation benefits.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. Defendant alleges that plaintiffs were not in privity with defendant, and therefore, they may not rely upon the theory of any alleged breach of express or implied warranty.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16. The products, when manufactured and distributed, conformed to the then-current state of the art, knowledge and practice such that this defendant did not, and could not know that the products might pose a risk of harm, if any, when used in a normal and foreseeable manner.

**SIXTEENTH AFFIRMATIVE DEFENSE**

17. Defendant alleges that it had no duty to warn of any alleged risks associated with the subject products because, such risks were unforeseeable at the time of exposure and/or the product was not defective; and even if it had a duty to warn, which allegation is expressly denied, this defendant at all times fulfilled its alleged duty to warn of the alleged risks associated with the subject products.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18. This defendant alleges that if any express or implied warranties for purpose or merchantability were provided, which this defendant denies, except for a possible limited warranty to the original purchaser, the products met all such express or implied warranties for purpose or merchantability.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19. Defendant alleges that said Complaint does not state facts sufficient for an award of pre-judgment interest.

///

///

///

**NINETEENTH AFFIRMATIVE DEFENSE**

20. Defendant alleges that the causes of action, if any, attempted to be stated and set for in the Complaint are barred in whole or in part by the equitable doctrines of waiver and estoppel.

**TWENTIETH AFFIRMATIVE DEFENSE**

21. Defendant alleges that any exposure of plaintiff Ralph H. McKee, Jr. to defendant's product was so minimal as to be insufficient to establish to a reasonable degree or probability that any such product caused any alleged injury or damage or loss to plaintiffs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

22. Defendant alleges that plaintiff Ralph H. McKee, Jr. was entitled to, and did, fully inspect and examine all products involved and was aware, or should have been aware, of any dangerous conditions and/or defects.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

23. Defendant alleges that plaintiff Ralph H. McKee, Jr. and his employer had specialized knowledge and/or skill with respect to the products involved and any purported dangerous conditions or defects with respect to same.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

24. Defendant alleges that plaintiffs are precluded from taking or recovering any damage and/or loss on the basis of res judicata and collateral estoppel to the extent that plaintiffs' claims were already litigated and resolved in any prior action(s).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

25. Defendant alleges that it complied with all requirements of federal and/or state legislation regarding the product or products involved, including, but not limited to, design, manufacture, warnings, inspections, monitoring, labeling, shipping and handling; and if federal legislation, plaintiffs' action is preempted in whole or in part by said federal law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

26. Defendant alleges that the Complaint and each cause of action therein are barred by the provisions of state and federal workers' compensation statutes including, but not limited

to, Sections 3600 et. seq. of the California Labor Code and Section 905(b), Title 33 of the United States Code.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

27. Defendant alleges that at the time of the allegations raised in the Complaint, plaintiff was employed by an employer other than this answering defendant and may have been entitled to and received worker's compensation benefits from his employers; and that, if there was any negligence proximately causing the injuries and damages complained of, such negligence, if any, was that of plaintiff's employers.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

28. Defendant alleges that plaintiffs' claims in this action are pre-empted by state and federal statutes and regulations governing workplace exposure to silica, including by not limited to, the Federal Mine Safety and Health Act of 1977, 30 U.S.C.A. §§801 et. seq., 29 C.F.R. § 1910.100 et. seq., California Penal Code §387.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

29. Defendant alleges that to the extent plaintiff Ralph H. McKee, Jr. became aware of any potential health risk during his career due to alleged silica exposure, plaintiffs shall be estopped from pursuing this action.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

30. Defendant alleges that if plaintiff Ralph H. McKee, Jr. was aware of or had safety equipment available to him during the alleged silica exposure, plaintiff waived his right to pursue any such claim and should be estopped from bring this action.

WHEREFORE, defendant CATERPILLAR INC. prays as follows:

1. That plaintiffs take nothing by their Complaint;

2. That the Complaint be dismissed with prejudice and that judgment be awarded in favor of this defendant;

3. That CATERPILLAR INC. be awarded their costs of suit herein; and

///

///

4. That CATERPILLAR INC. be awarded such other and further relief as this Court deems just and proper.

DATED: July 30, 2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: ______________________
STEVEN D. WASSERMAN
Attorneys for Defendant
CATERPILLAR INC.

SEDGWICK DETERT, MORAN & ARNOLD LLP

7

DEFENDANT CATERPILLAR INC.'S ANSWER TO COMPLAINT

SF/1432423v1

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On July 30, 2007, I served the within document described as:

**DEFENDANT CATERPILLAR INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

☐ by transmitting via facsimile the document listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

☐ by causing personal delivery by an agent of ____________ of the document(s) listed above to the person(s) at the address(es) set forth below

**Clayton W. Kent, Esq.**
**BRAYTON PURCELL LLP**
**222 Rush Landing Road**
**Novato, California 94948-6169**
**Telephone: (415) 898-1555**

**Attorneys For Plaintiffs RALPH H. McKEE, JR. and KRISTINE McKEE**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 30, 2007, at San Francisco, California.

Marlene G. Adelman
MARLENE G. ADELMAN

SEDGWICK
DETERT, MORAN & ARNOLD LLP