SEDGWICK, DETERT, MORAN & ARNOLD LLP
GREGORY C. READ (Bar No. 49713)
STEVEN D. WASSERMAN (Bar No. 88291)
MICHAEL L. FOX (Bar No. 173355)
One Market Plaza,
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
CATERPILLAR INC.

BRAYTON ❖ PURCELL LLP
CLAYTON W. KENT (Bar No. 123164)
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
Telephone: (415) 898-1555

Attorneys for Plaintiffs
RALPH H. MCKEE, JR. and KRISTINE MCKEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH H. MCKEE, JR. AND KRISTINE MCKEE,<br><br>Plaintiffs,<br><br>v.<br><br>CATERPILLAR INC.; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. C-07-3900-WHA<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 26(f) – JOINT DISCOVERY REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, defendant Caterpillar Inc. ("Caterpillar") and plaintiffs Ralph H. McKee, Jr. and Kristine McKee (collectively "plaintiffs"), through their counsel, have met and conferred as required and jointly propose the following discovery plan:

1. The parties agreed that changes should be made in the timing, form, or

requirement for disclosures under Rule 26(a) and submitted a Stipulation and [Proposed] Order For Continuance Of Initial Case Management Conference And Related Dates on October 29, 2007. The parties agreed that initial disclosures should be extended to November 29, 2007. The Court denied this Stipulation. Therefore, the parties will serve initial disclosures as provided by the Court's July 31, 2007 Order. The parties have agreed to produce documents identified in their initial disclosures by December 7, 2007.

2. Discovery will be needed on the following subjects: (1) Ralph McKee's employment and medical history; (2) Ralph McKee's work at Northern Aggregates and Harris Quarry; (3) Ralph McKee's physical and mental condition and treatment, including obtaining all medical records; (4) Kristine McKee's mental condition and treatment, including obtaining all records regarding her condition and treatment; (5) Ralph McKee's alleged operation of heavy equipment; (6) cab/air systems in the relevant heavy equipment; (7) Ralph McKee's alleged diagnosis of proteinosis and silicoproteinosis.

3. The parties do not believe it is necessary for discovery to be conducted in phases. The parties agree that discovery as to Caterpillar should be focused upon particular issues to be agreed upon by counsel.

4. The parties intend to proceed in accordance with the limitations on discovery imposed under the Federal Rules of Civil Procedure.

5. Plaintiffs agree to limit the dissemination of discovery received from Caterpillar in this action in accordance with an agreed upon protective order.

6. The parties agree that the physical and mental conditions of plaintiffs Ralph McKee and Kristine McKee are in controversy.

7. It may not be possible to complete discovery on all issues relevant to the case in the time outlined below. Subject to that caveat, the parties believe the following schedule is realistic for completion of discovery:

a. Discovery cut-off (except expert discovery):

November 15, 2008

b. Last day to file motion to compel (except expert discovery):

November 15, 2008

c. Expert disclosure and report: March 15, 2009

d. Last day to complete expert discovery: June 15, 2009

Dated: October 30, 2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:/s/ Steven D. Wasserman
Steven D. Wasserman
Attorneys for Defendant
CATERPILLAR INC.

Dated: October 30, 2007

BRAYTON ❖ PURCELL LLP

By:
Clayton W. Kent
Attorneys for Plaintiffs
RALPH H. MCKEE and KRISTINE MCKEE