1  BRAYTON ❖ PURCELL LLP
   CLAYTON W. KENT (Bar No. 123164)
2  222 Rush Landing Road
   P.O. Box 6169
3  Novato, California 94948-6169
   Telephone: (415) 898-1555
4  E-Mail:   ckent@braytonlaw.com

5  Attorneys for Plaintiffs
   RALPH H. MCKEE and KRISTINE MCKEE
6

7  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   GREGORY C. READ      (Bar No. 49713)
8  STEVEN D. WASSERMAN  (Bar No. 88291)
   MICHAEL L. FOX       (Bar No. 173355)
9  One Market Plaza
   Steuart Tower, 8th Floor
10 San Francisco, California 94105
   Telephone: (415) 781-7900
11 Facsimile: (415) 781-2635
   E-Mail:   gregory.read@sdma.com,
12 steven.wasserman@sdma.com; michael.fox@sdma.com

13 Attorneys for Defendant
   CATERPILLAR INC.
14

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17

18
   RALPH H. MCKEE, JR. and KRISTINE        CASE NO. C-07-3900 WHA
19 MCKEE,
                                           **JOINT CASE MANAGEMENT
20         Plaintiffs,                     STATEMENT AND [PROPOSED] ORDER**

21         v.                              JUDGE:      Hon. William H. Alsup
                                           COURTROOM:  9 (19th Floor)
22 CATERPILLAR INC. and DOES 1             DATE:       November 15, 2007
   through 100, inclusive,                 TIME:       11:00 a.m.
23
           Defendants.
24

25         Plaintiffs Ralph H. McKee, Jr. and Kristine McKee and defendant Caterpillar Inc.,

26 wrongfully sued as Caterpillar, Inc. ("Caterpillar"), in accordance with Civil Local Rule 16-9 and

27 the Standing Order for all Judges of the Northern District of California, submit the following

28 Joint Case Management Statement:

                                              -1-                    CASE NO. C-07-3900 WHA
              JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

**JURISDICTION AND SERVICE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. At present, there are no known issues relative to personal jurisdiction or venue. There are no known parties that remain to be served.

**BRIEF STATEMENT OF THE FACTS**

Plaintiffs state that from the period commencing on or about July 2003 up to and including on or about September 25, 2005, plaintiff Ralph H. McKee, Jr. was employed as a heavy equipment operator/front end loader with Northern Aggregates, Inc., and worked at the Harris Quarry, located just south of Willits, California. Plaintiff's employment involved the loading of aggregate into a crusher, as well as loading crushed and uncrushed aggregate into other transportation vehicles.

During the course of plaintiff Ralph H. McKee, Jr.'s employment, plaintiff contends that he operated a 980F wheel loader manufactured and sold by defendant Caterpillar. Plaintiffs' newly served FRCP 26(a) disclosure also identifies a 980G wheel loader. Plaintiffs are still investigating whether Mr. McKee operated any additional models of heavy equipment manufactured by Caterpillar. Plaintiffs contend that Caterpillar's wheel loaders were defectively designed and manufactured, and that these alleged defects caused or contributed to Mr. McKee's pulmonary alveolar proteinosis.

Caterpillar denies that its wheel loaders were defectively designed or manufactured, or that their design caused or contributed to plaintiff's disease. Caterpillar believes it is likely that its products were not properly used or maintained. Moreover, federal and state laws impose on employers, such as Northern Aggregates, an affirmative duty to protect employees from any potential dangers in the workplace, and Mr. McKee has filed a workers' compensation action against his employer. Caterpillar further contends that it had no duty to warn of conditions at plaintiff's place of employment because Caterpillar could not have reasonably known what those particular conditions were.

Plaintiffs state that on or about September 29, 2005, plaintiff Ralph H. McKee, Jr. was

diagnosed with pulmonary alveolar proteinosis, which he contends was a direct and proximate result of inhalation and exposure to silica dust at his jobsite.

Caterpillar believes there are significant questions as to whether Mr. McKee has a silica-related disease, and whether the limited time period during which he worked at Northern Aggregates (less than two years) would be sufficient to cause a silica-related disease, both because of exposure levels and the relevant latency period.

**LEGAL ISSUES**

At this point, the parties are not aware of the totality of any disputed points of law, as the case is in its infancy, and the parties have not been able to discover the existence of the same. However, in general, plaintiffs contend that Caterpillar is liable for plaintiffs' injuries and damages by failing to provide proper design, manufacture and warnings relative to the heavy equipment operated by plaintiff Ralph H. McKee, Jr.

Caterpillar contends that federal law required plaintiff's employer, Northern Aggregates, to make his mining workplace safe and to ensure that the levels of respirable silica, if any, did not exceed safe levels. (29 C.F.R. § 1910.1000.) Congress enacted the Federal Mine and Safety Act of 1977 as a comprehensive legislative scheme designed to protect underground and surface mine workers by imposing on the employer "primary responsibility" for compliance with health and safety standards for its miners. (30 U.S.C.A. §§ 801 et. seq.)  In addition, California requires an employer to warn mine operators of dangers that may exist on the job or face criminal penalties under Penal Code § 387.  In fact, plaintiffs have filed a workers' compensation claim against Northern Aggregates.

**MOTIONS**

Discovery and disclosures may reveal the need for various motions in the future, including possible motions to dismiss, motions to compel, or motions for summary judgment/adjudication after completion of relevant discovery.

**AMENDMENT OF PLEADINGS**

At this point, there are no anticipated amendments to the pleadings.

/ / /

**EVIDENCE PRESERVATION**

The parties have agreed to preserve documents and evidence and not destroy the same.

**DISCLOSURES**

The parties have made the appropriate and timely disclosures pursuant to the Supplemental Order to Order Setting Case Management Conference in Civil Cases Before Judge William Alsup and Rule 26.

**DISCOVERY**

Plaintiffs anticipate that they will take the deposition of Caterpillar, including its person(s) most knowledgeable. Caterpillar will take the deposition of plaintiffs, as well as any percipient witness(es). Additional depositions of the physicians and health care providers responsible for the care and treatment of plaintiffs Ralph H. McKee, Jr. and Kristine McKee will also be taken, and Caterpillar will conduct independent medical examinations of plaintiffs. The parties will submit document production requests, requests for admission and written interrogatories.

The parties jointly propose the following discovery plan:

Non-expert discovery will be completed by November 15, 2008;

Experts will be disclosed by March 15, 2009;

Expert depositions will be completed by June 15, 2009;

Dispositive motions, if any, will be filed no later than January 15, 2009.

**CLASS ACTIONS**

This is not a class action.

**RELATED CASES**

There are no related cases pending before the United States District Court, Northern District of California. Plaintiff Ralph H. McKee, Jr. has a pending workers' compensation claim before the Workers' Compensation Appeals Board against his employer Northern Aggregates and its insurer, State Compensation Insurance Fund, which involves the same alleged exposure as the present action. Plaintiff's workers' compensation claim number is NC627893-KO. Kathleen O'Ferrall is the claim's administrator.

## RELIEF SOUGHT

Plaintiffs seek damages stemming from the injuries sustained as a result of Mr. McKee's alleged exposure to silica while operating Caterpillar's heavy equipment. Such damages include, but are not limited to, medical care and treatment, both past and future, loss of income and earning capacity, loss of consortium, and pain, suffering, and emotional distress. The amount of such damages have not been calculated at this time.

## SETTLEMENT AND ADR

The parties have stipulated to ADR in the form of an early settlement conference before a Magistrate Judge.

## CONSENT TO MAGISTRATE

The parties filed the requisite joint declination to a Magistrate Judge and have been reassigned to the Honorable William H. Alsup.

## OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

At this stage of the proceedings, the parties are unable to narrow any issues. However, to the extent possible, the parties will work together in an effort to narrow the issues throughout the litigation.

## EXPEDITED SCHEDULE

This case is not suitable for handling on an expedited basis.

## TRIAL

A jury trial is requested by the parties. It is anticipated that trial will last approximately ten (10) days. Due to the need to obtain appropriate discovery, medical evidence, and expert testimony, the parties request a trial date after November 2009.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Since plaintiffs initially filed this proceeding in Mendocino County Superior Court, and defendants removed this matter to Federal Court, plaintiffs did not initially file a Certification of

1  Interested Entities or Persons. However, plaintiffs and defendant have filed certifications of no
2  reportable interest.

4  Dated: November 7, 2007            BRAYTON ❖ PURCELL LLP

7                                     By: /s/
8                                        Clayton W. Kent
                                         Attorneys for Plaintiffs

11 Dated: November 6, 2007            SEDGWICK, DETERT, MORAN & ARNOLD LLP

13                                    By: /s/ Steven D. Wasserman
                                         Steven D. Wasserman
14                                       Attorneys for Defendant

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____            _____
                                   United States District Judge