1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   GREGORY C. READ        (Bar No. 49713)
2  STEVEN D. WASSERMAN (Bar No. 88291)
   MICHAEL L. FOX         (Bar No. 173355)
3  One Market Plaza,
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for CATERPILLAR INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| RALPH H. MCKEE, JR. AND KRISTINE MCKEE, | CASE NO. C-07-3900-WHA |
|---|---|
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER RE NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS** |
| CATERPILLAR INC.; and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiffs Ralph McKee, Jr. and Kristine McKee and Caterpillar Inc. ("Caterpillar") hereby stipulate to the entry of this Stipulated Protective Order Re Non-Disclosure of Confidential Documents pursuant to Federal Rules of Civil Procedure 26(c) and 29, as follows:

1.  Any and all documents produced or to be produced by Caterpillar it considers to contain non-public, confidential, trade secret, proprietary or privileged information shall be subject to this Protective Order. These documents are referred to as "Confidential Documents" as hereinafter defined, and are to be maintained in a confidential manner under the procedures as hereinafter set forth.

2.  The term "Confidential Document" as used herein shall mean any document produced during discovery of this action which is of a non-public, proprietary, confidential, trade secret, or of a commercially and/or competitively sensitive nature and is designated at the time of

production by the producing party to be a "Confidential Document." Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect. A "Confidential Document" shall continue to be a "Confidential Document" until such time as the producing party expressly agrees in writing that the document is no longer considered to be a "Confidential Document" or there is a finding by this Court that the document is not the proper subject of protection under the appropriate provisions of federal law.

3. The protections conferred by this Stipulated Protective Order cover not only the "Confidential Document" (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal any "Confidential Document."

4. Every "Confidential Document" produced in discovery by Caterpillar, in this action will be marked with the following watermark:

**CONFIDENTIAL**

**This Document is Property of Caterpillar Inc. It is proprietary and is produced solely for use in this case:**
**McKee v. Caterpillar Inc.**
**Anyone Having Possession of this Document Must Not Duplicate, Transfer or Disclose the Contents of this Document Without the Prior Written Permission of Caterpillar Inc.**

Any copies made of a "Confidential Document" produced in this action by Caterpillar, shall retain the Confidential watermark described above.

5. In the event that any party objects to the designation of any documents as "Confidential," the objecting party shall send written notice of such objection to the designating party. The parties shall in good faith attempt to resolve the matter informally. If such attempts do not resolve the matter by agreement, then the objecting party shall move the Court to declassify the designated materials as "Confidential." Such disputed documents or discovery materials shall be deemed Confidential unless and until the Court rules otherwise. However, nothing in this Agreed Protective Order prevents a party who designated a document as

1  Confidential from agreeing to remove the Confidential designation, and nothing in this Agreed
2  Protective Order requires a party to object to a Confidential designation.

3      6.    The documents designated and produced as "Confidential Documents" shall be
4  given confidential treatment as described below.

5      7.    Without further order of this Court, the parties agree to disclose the contents
6  thereof **only** to the following persons (hereinafter referred to as "Qualified Persons"):

7      a.    Counsel of record in this action, and their law firm, for the requesting or receiving
8  party, and counsel for other parties to this litigation; and

9      b.    Regular employees of such counsel's law firm; or

10     c.    Bona fide independent expert witnesses or consultants retained by such counsel of
11 record, provided that prior to disclosure, the receiving party apprises the individual of the terms
12 of the protective order and ensures that the individual first executes the Agreement to be Bound
13 by Protective Order in the form attached as Exhibit 1.

14     8.    All "Confidential Documents" disclosed by Caterpillar, in this action, which are
15 the subject of this Protective Order, shall be used solely for the purposes of this specific action
16 and not for any other purpose, including any business purpose or any other action. Before any
17 "Confidential Documents" disclosed by Caterpillar in this action are used in connection with any
18 other action brought by the Brayton Purcell firm against Caterpillar, a separate Protective Order
19 re Nondisclosure of Confidential Documents must be in effect for that specific action.

20 Further, "Confidential Documents" must be stored and maintained at a location and in a
21 secure manner that ensures that access is limited to the persons authorized under this Order.

22     9.    If any "Confidential Document" or information obtained therefrom is used in the
23 taking of a deposition, it shall remain subject to the provisions of this Protective Order, along
24 with the transcript pages of the deposition testimony dealing with the "Confidential Documents."
25 At the time any "Confidential Document" is used at any deposition, the designating party may
26 designate portions of the transcript as Confidential. The court reporter shall be informed of this
27 Protective Order and mark any portions of the transcript Confidential identified by the
28 designating party as such. A party may also designate as Confidential any portion of a deposition

1 within 10 days of a deposition by letter to the court and all counsel specifying by page and line
2 the portions as designated. The transcript consisting of "Confidential Documents," or
3 information therefrom shall be marked "Confidential Document" by the court reporter and shall
4 be kept in a separate sealed envelope appropriately marked that the contents are subject to this
5 Protective Order. Any "Confidential Documents" discussed at a deposition will not be attached
6 as an exhibit to the deposition transcript, but rather referred to by the Bate number stamped on
7 the document.

8     10. In the event the deposition is videotaped, the original and all copies of the
9 videotape shall be marked by the video technician to indicate that the contents of the videotape
10 are subject to this Protective Order as follows:

> **This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

14     11. All documents that are filed with the Court that contain any portion of any
15 "Confidential Document" or information taken from any "Confidential Document" (in summary
16 form or otherwise) shall be filed in a sealed envelope, or other appropriate sealed container on
17 which shall be endorsed the caption of the litigation, and a notation that the contents are subject
18 to this Protective Order as follows:

> **This envelope is sealed and contains confidential information filed in this case and is not to be opened or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

22     12. This Order shall be binding upon the parties hereto, upon their attorneys, and upon
23 the parties and their attorneys' successors, executors, personal representatives, administrators,
24 heirs, representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and
25 the persons or organizations over which they have control.

26     13. Each person who examines "Confidential Documents," or information therefrom,
27 or to whom any "Confidential Documents" are disseminated, shall be required to execute the


Agreement to be bound by Protective Order, hereby attached as Exhibit 1 to this Protective Order.

14. Unless the parties expressly agree otherwise, all "Confidential Documents" and copies thereof shall be returned to the producing party or destroyed within sixty (60) days following the conclusion of this action. If the receiving party chooses to destroy such protected information, Counsel must certify to the producing party that all such documents have been destroyed.

15. This Stipulated Protective Order may be executed in one or more counterparts.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 12th day of November, 2007.    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By /s/ Steven D. Wasserman
   Steven D. Wasserman
   Attorneys for Defendant
   CATERPILLAR INC.

DATED this 16 day of November, 2007.    BRAYTON PURCELL LLP

By _____
   Clayton Kent
   Attorneys for Plaintiffs
   RALPH MCKEE, JR. AND KRISTINE MCKEE

Exhibit 1

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, (name of individual), of (name of firm, if applicable), (business address), declare under penalty of perjury, in order to be provided access to "Confidential Documents" pursuant to the Protective Order entered by the Court in the proceeding captioned *Ralph H. McKee, Jr. and Kristine McKee v. Caterpillar Inc.*, United States District Court, Northern District of California, Case No. C 07-3900 EDL, (the "Litigation"), represent and agree as follows:

1. I have received and reviewed a copy of the Stipulated Protective Order and am familiar with its terms.

2. I have read the Stipulated Protective Order, understand its terms and agree to comply with and be bound by all of its terms.

3. For any and all "Confidential Documents" to which I am given access in connection with the Litigation, I agree to be bound by the provisions of the Protective Order.

4. I understand and acknowledge that failure to comply with the terms of the Stipulated Protective Order will constitute breach of the Order and may expose me to sanctions as well as a possible claim for damages.

6. I agree to submit to any court with jurisdiction for the purpose of enforcing this Protective Order.

_____
(Signed)

_____
(Date)

ORDER

THIS MATTER having come before the Court and submitted for approval pursuant to United States District Court, Northern District of California Local Rule 7-12, and based on the foregoing Stipulation of the parties, and the Court finding that the Stipulated Protective Order Re Non-Disclosure of Confidential Documents furthers the compelling interest of protecting confidential, trade secret, commercial and/or competitively sensitive and proprietary information, and the Court being otherwise fully advised.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE